# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 11-1414** (Monroe County 08-F-31)

**Raul A. Castillo,**
**Defendant Below, Petitioner**

**FILED**

April 12, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Raul A. Castillo, by counsel, Richard H. Lorensen, appeals the Resentencing Order of the Circuit Court of Monroe County entered September 7, 2011.[1] In December of 2008, the petitioner was convicted by a jury of first degree murder. The jury recommended mercy and the petitioner was sentenced to life imprisonment.[2] The State, by counsel, Jacob Morgenstern, filed a summary response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The petitioner does not deny that his actions caused the death of his girlfriend, Michelle Sinclair. On appeal, the petitioner challenges the sufficiency of the evidence on intent and premeditation for a first degree murder conviction.

On the day Ms. Sinclair was killed, November 16, 2007, she and the petitioner traveled to a cabin located in a remote area of Monroe County. On their way to the cabin, the petitioner became angry and hit Ms. Sinclair in the face several times. They arrived at the cabin and walked through the woods. She went to a stream to wash blood from her face. The petitioner attacked Ms. Sinclair again and she fell in the water, unresponsive. The petitioner walked away leaving her to drown.[3]

---

[1] The court granted petitioner's request for re-sentencing to allow him to perfect his appeal.

[2] Petitioner's sentencing hearing was January 5, 2009. Post-trial motions were heard on February 2, 2009, and denied.

[3] Petitioner went home to shower before going out that evening with his friends to eat and drink beer and tequila.

1

At trial, the State introduced evidence that multiple blood stains were discovered in the victim's car. The petitioner testified that the blood in the car was from their argument on the way to the cabin. The petitioner testified he "lost" his mind and hit her "a few times." The petitioner admitted he hit her two or three more times and she fell into the stream. The petitioner testified that he tried to pull her out of the water but he could not bring her up.

The State called two witnesses to the murder to testify. Three young men were fishing and hunting in the area. Two of the men heard "strange noises," and from a distance observed a man and a woman by the stream. They saw the man punch the woman in the face. They heard a loud scream. The men retreated and armed themselves with large rocks and a hunting knife. They returned to the area to see the man walk away "casually" without looking back. The witnesses went to find their friend. When the witnesses and their friend returned to the area, they found the victim in the water facedown with her shirt pulled over her head.

The State Medical Examiner testified that the victim had bruises and lacerations which were indicative of a violent physical assault. She had a broken tooth. The victim suffered a black eye and a deep laceration and bruise on the lower lip. The cause of death was drowning.

On appeal, the petitioner argues his conviction should be reversed because the State failed to sufficiently establish the elements of premeditation and deliberation for a first degree murder conviction. Petitioner admitted he was "mad" at his girlfriend when he beat her. He denied any intent to kill her.

This Court reviews criminal convictions on appeal as follows:

> "The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt." Syl. Pt. 1, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 1, *State v. Juntilla*, 227 W.Va. 492, 711 S.E.2d 562 (2011).

Viewed in a light most favorable to the State, we find sufficient evidence to support the jury's verdict. The petitioner was admittedly angry with the victim. He struck her several times in the face as they traveled to the cabin. When they were in the woods, he attacked her again and knocked her unconscious. He left her in a stream to drown and walked away. The petitioner failed to call for help or contact authorities. Given these facts, the jury could conclude beyond a reasonable doubt that the petitioner acted with premeditation and deliberation when he murdered Ms. Sinclair.

---

Premeditation and deliberation are typically established by circumstantial evidence.

If premeditation is found, it must ordinarily be inferred from the objective facts. Accordingly, if one voluntarily does an act, the direct and natural tendency of which is to destroy another's life, it fairly may be inferred, in the absence of evidence to the contrary, that the destruction of that other's life was intended.

*State v. LaRock*, 196 W.Va. 294, 305, 470 S.E.2d 613, 624 (1996). Upon our review of the record, this Court finds the evidence was sufficient to support the petitioner's conviction.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** April 12, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II